**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

CHRISTOPHER WAYNE ARIVETT,

  *Plaintiff,*

v.

RRM ST. LOUIS/RESIDENTIAL
REENTRY MANAGER et al.,

  *Defendants.*

No. 4:26-cv-00985-JMD

## <u>MEMORANDUM AND ORDER</u>

Christopher Wayne Arivett, a self-represented litigant on federal community placement, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF 1, as well as a motion for temporary restraining order and preliminary injunction, ECF 2. In his petition, Arivett challenges conditions imposed by the Bureau of Prisons through RRM St. Louis, including the revocation of his telehealth access for required treatment appointments. ECF 1 at 2–4. Before this case can proceed, the Court must address several deficiencies in Arivett's filings.

First, Arivett has neither paid the filing fee nor submitted a motion for leave to proceed *in forma pauperis*. Congress has established a $5.00 filing fee for habeas corpus petitions. 28 U.S.C. § 1914(a). Therefore, Arivett must, no later than **<u>August 10, 2026</u>**, either (1) pay the $5 filing fee or (2) file a motion for leave to proceed *in forma pauperis* on the Court-provided form.

Second, Arivett filed a self-formatted petition. Local Rule 2.06(A) requires that self-represented petitioners use "Court-provided forms where applicable." The Court therefore

1

orders Arivett to file, no later than **August 10, 2026**, an amended petition on the Court's standard form for § 2241 petitions.

Third, Arivett's petition raises a question about venue.  A petitioner must generally file a § 2241 petition in the district of confinement and name the petitioner's immediate custodian as respondent.  See *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).  Arivett lists a mailing address in Waterloo, Illinois, which lies within the Southern District of Illinois.  *See* 28 U.S.C. § 93(c).  Thus, Arivett's amended petition must (1) disclose his physical location, (2) identify his immediate custodian, and (3) explain why venue is proper in the Eastern District of Missouri.

Finally, the Court denies without prejudice Arivett's motion for temporary restraining order and preliminary injunction, ECF 2.  This order requires Arivett to file an amended petition that will completely replace the original.  *See In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).  Because his motion for equitable relief relates to the allegations in his initial petition, the Court denies the motion as moot.  *See, e.g., Greater St. Louis Constr. Laborers Welfare Fund v. A.G. Mack Contracting Co., Inc.*, No. 4:08-cv-01947-CAS, 2009 WL 2916841, at \*1 (E.D. Mo. Sept. 4, 2009) (denying as moot a motion "based on the original complaint" because the plaintiff "filed an amended complaint").  Further, the Court has not yet determined whether venue is proper in this district and cannot grant injunctive relief before resolving that threshold question.

**IT IS HEREBY ORDERED** that Arivett shall, no later than **August 10, 2026**, either (1) pay the $5 filing fee or (2) file a motion for leave to proceed *in forma pauperis* on the Court-provided form.  **IT IS FURTHER ORDERED** that Arivett shall file, no later than **August 26, 2026**, an amended petition on the Court's standard form for § 2241 petitions.  In his

2

amended petition, Arivett must address the venue question identified above. **IT IS FURTHER ORDERED** that Arivett's Motion for Temporary Restraining Order and Preliminary Injunction, ECF 2, is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail Arivett the Court's standard form for § 2241 petitions and the Court's "Motion to Proceed in Forma Pauperis and Affidavit in Support – Habeas Cases" form. **IT IS FURTHER ORDERED** that Arivett's failure to comply with this order may result in the dismissal of this case without prejudice and without further notice.

Dated this 27th day of July, 2026.

_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

3